## No. 10,165.

### STATE OF LOUISIANA VS. JOHN WYMBERLY.

To constitute perjury, it is essential that the false swearing should have been committed with respect to some matter over which the Court had jurisdiction.

So where the alleged false oath was taken before a justice of the peace, and the oath administered by him in an examination by or before such justice in a prosecution for burglary, such false swearing could not be perjury, because for such a crime, and others punishable with death or imprisonment at hard labor, a justice of the peace in the country parishes is without jurisdiction to conduct such examination. This proceeding is exclusively committed by law to the district judge, and he cannot delegate his authority to a justice of the peace. Where the false swearing is not perjury, a charge of subornation of perjury cannot be based upon it.

APPEAL from the Second Judicial District Court, Parish of Bienville. *Drew*, J.

---

*M. J. Cunningham*, Attorney General, for the State, Appellant.

*Patterson & Dorman* for Defendant and Appellee.

---

The opinion of the Court was delivered by

TODD, J.    The defendant, Wymberly, charged, by information received, with subornation of perjury, was tried and convicted.

He presented a motion in arrest of judgment, which was sustained, and the State, through the District Attorney, appeals.

The material facts relating to this prosecution are these:

Wymberly, the defendant, and one Mag Hatchet were arrested on the charge of burglary, and taken before one Sam Barksdale, justice of the peace of said parish.

The justice proceeded to take and reduce to writing the testimony of witnesses appearing before him in relation to the commission of the crime charged.

Among the witnesses so appearing and testifying was one John

State vs. Wymberly.

Henderson, who is charged to have given testimony on a material point in favor of Wymberly, and that in doing so, to have committed willful perjury by the inducement and procurement of Wymberly, and that Wymberly was thereby guilty of subornation of perjury, which is the charge contained in the information before us, and on which he was tried and convicted, as above stated.

The motion in arrest, and under which sentence was arrested, as above stated, was, substantially, on the ground :

That the justice of the peace who administered the oath to the witness, Henderson, charged to have sworn falsely, and before whom the investigation was had touching the charge of burglary preferred, was without jurisdiction over the subject matter of the inquiry before him, and, consequently, without legal authority or capacity to administer the oath ; and that no prosecution for perjury or subornation of perjury could be grounded on an oath thus administered by incompetent authority and touching a matter over which the court or the judge or justice therein presiding had no jurisdiction *ratione materia*.

Art. 126 of the State Constitution provides :

" They (justices of the peace) shall have criminal jurisdiction as committing magistrates, and shall have power to bail or discharge *in cases not capital or necessarily punishable at hard labor.*"

Section 1010, R. S., makes it the duty of a justice of the peace, where an accusation is made on the oath of a credible witness to cause the accused to be arrested.

When arrested, if the offence charged be one that may subject the accused to capital punishment or imprisonment at hard labor, he must " be brought before the district judge of the parish in which the offence may be charged to have been committed, and be proceeded on and examined according to law."

*If not so punishable,* then it is the duty of the justice " to examine, on oath, the witnesses, and reduce their depositions to writing."

Section 2058, R. S., contains similar provisions.

It is plainly inferrable, from these constitutional and statutory provisions, that the power of a justice of the peace to hold and conduct preliminary examinations in criminal prosecutions, is limited to cases where the offence charged is not capital and not punishable with imprisonment at hard labor. Proceedings before such officers which relate to such crime or crimes so punishable, and testimony taken and oaths administered, must be viewed as *coram non judice*, and, consequently, without legal effect or significance.

It is, however, urged by counsel for the State that this examination before the justice in the prosecution for burglary, referred to, was authorized by Act No. 45 of 1886.

This act is entitled, an act "to re-enact Sections 1015, 2063 and 3951 of the Revised Statutes, to provide for the appointment of a property clerk," etc.

Section 1015, R. S., provides, in substance, that when a party charged with an offence is brought before a justice of the peace, that this officer shall take the depositions of the material witnesses on the part of the State, and also take the recognizances or bonds of the witnesses for their appearance before the district court.    If this section could be construed as relating to or warranting preliminary examinations before justices of the peace, it must be construed in connection with the article of the Constitution and the sections, R. S., cited above, limiting their authority, in such proceeding, to cases not capital and not punishable by hard labor.

Section 2063, R. S., is but a repetition of Section 1015, with the further provision requiring the justice to deliver to the clerk of the court any stolen property or weapons taken from the parties accused' or forged bills, or notes, etc., produced on their trial.

Section 3951 is but a reproduction *ipsissimis verbis* of Section 2063, R. S.

Act 45 of 1886 is merely a re-enactment of the three sections above enumerated and a consolidation of their several provisions into one act, with no enlargement whatever of the powers of the justices or committing magistrates over those expressed in the said sections.

In other words, the act gives no sanction whatever to the counsel's contention, that by its terms, the restrictions imposed by the statutes first above cited in the jurisdiction or power of justices of the peace, touching preliminary examinations, had been removed, and that such officers never had authority to extend such examinations to all and the gravest offences.

Finally, it is contended that the examination in proceeding before the justice of the peace, in which this perjury and subornation of perjury were alleged to have been committed, was conducted by the order or direction of the district judge, and was thus legalized.

It is hardly necessary to say that if the law did not vest the justice of the peace with power to conduct such preliminary examinations, the judge could not confer no such warrant.   Besides, the law imposed this duty, as relates to the investigation and prosecution of felonies or the graver offences, on the judge himself *exclusively*, and

authority to perform such duty was denied or withheld from inferior judicial officers, such as justices of the peace, in the country parishes. This shows that the order or direction of the judge in this instance was not only without authority, but in contravention of law.

Holding these views, we think the trial judge was right in arresting the judgment in the prosecution under review, and the judgment appealed from is, therefore, affirmed.