STATE OF MINNESOTA *vs.* EDWARD. McCARTHY.

June 10, 1889.

**Perjury.—Oath not Authorized by Law.**—An oath not administered pursuant to, nor required nor authorized by, any law, cannot be made the basis for a charge of perjury.

Case certified (pursuant to Gen. St. 1878, c. 117, § 11,) from the district court for Stevens county, where the defendant's demurrer to the indictment was overruled by *C. L. Brown*, J.

*Moses E. Clapp*, Attorney General, and *S. A. Flaherty*, for the State.

*J. W. Reynolds*, for respondent.

GILFILLAN, C. J. Indictment for perjury. As the basis for the charge the indictment alleges that the defendant made application to one Henry Hutchins for a loan of money, and thereupon "made his certain written application and statement for said loan, subscribed by him," and that, being then and there before said Hutchins, who was a justice of the peace, sworn concerning the truth of the matters contained in said written application and statement, he did swear falsely. If a money-lender may add to his securities the pains and penalties of perjury, it will be convenient for him to be a

justice of the peace or notary public. At the common law a charge of perjury could be made only upon an oath before a court of justice. Various statutes, however, have from time to time included other oaths or affirmations than those in judicial proceedings. The Penal Code (section 87) sums up all the cases in which the offence can be committed as those of "an action or a special proceeding, or upon any hearing or inquiry, or on any occasion in which an oath is required by law, or is necessary for the prosecution or defence of a private right, or for the ends of public justice, or may lawfully be administered." It is not enough that the officer has general authority to administer oaths, nor that his administering the particular oath was not unlawful in the sense of incurring a penalty by administering it. The oath must be one which may be "lawfully administered"—that is, one administered pursuant to, or as required or authorized by, some law. A merely gratuitous oath, which the law does not recognize as of any force, and to which it gives no more effect than if the statement were not sworn to, cannot be said to be lawfully administered, within the meaning of the Penal Code. The demurrer to the indictment should have been sustained.

Order reversed.