UNITED STATES v. DUPONT.

(District Court, D. Oregon. February 21, 1910.)

No. 5,206.

1. PERJURY (§ 5*)—NATURE OF OATH.
  Perjury cannot be assigned of an oath not required by law.
  [Ed. Note.—For other cases, see Perjury, Cent. Dig. § 4; Dec. Dig. § 5.*]

2. PERJURY (§ 11*)—NATURALIZATION PETITION—CONTENTS—ONE YEAR'S RESIDENCE WITHIN STATE.
  Under Naturalization Act June 29, 1906, c. 3592, § 4, subd. 2, 34 Stat. 597 (U. S. Comp. St. Supp. 1909, p. 478), providing that a naturalization petition shall contain every fact material to the petitioner's naturalization required to be proved on the final hearing, and subdivision 4, declaring that petitioner shall prove, among other things, that he has resided immediately preceding his application continuously within the state or territory where the court is at the time held, for one year at least, petitioner's prior residence within the state or territory for a year is a necessary allegation of a petition for naturalization, and hence perjury may be assigned on a false allegation thereof.
  [Ed. Note.—For other cases, see Perjury, Dec. Dig. § 11.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PERJURY (§ 2*)—NATURALIZATION PETITION.

Perjury committed by a false allegation of fact in a naturalization petition is punishable under Rev. St. § 5392 (U. S. Comp. St. 1901, p. 3652), punishing perjury generally, and applicable to all cases in which a false oath or false testimony is given in a matter required by law before any competent tribunal, officer, or person, regardless of whether such evidence is punishable under Naturalization Act June 29, 1906, c 3592, § 23, 34 Stat. 603 (U. S. Comp. St. Supp. 1909, p. 487), or not.

[Ed. Note.—For other cases, see Perjury, Dec. Dig. § 2.*]

4. ALIENS (§ 72*)—NATURALIZATION PROCEEDING.

Naturalization Act June 29, 1906, c. 3592, § 23, 34 Stat. 603 (U. S. Con: ). St. Supp. 1909, p. 487), providing a punishment for knowingly making a false affidavit as to any material fact required to be proved in a naturalization proceeding, is to be regarded as an amendment of Rev. St. § 5395 (U. S. Comp. St. 1901, p. 3654), providing that in all cases where any oath or affidavit is made or taken, under or by virtue of any law relating to the naturalization of aliens, any person who knowingly swears falsely shall be punished by imprisonment, etc.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 72.*]

Jeanne Rose Dupont was indicted for perjury. On demurrer to indictment. Overruled.

Walter H. Evans, Asst. U. S. Atty.

J. E. Fenton, for defendant.

BEAN, District Judge. The defendant was indicted for perjury in falsely stating in a petition for naturalization filed by her in the circuit court of Clatsop county that she had resided in the state of Oregon for one year at least prior to the date of such petition.

The defendant demurred to the indictment on the ground that the facts therein stated do not constitute a crime, for the reason that the declaration in her petition for naturalization touching her residence in Oregon was extrajudicial and immaterial. It is elementary that perjury cannot be assigned of an oath not required by law. Unless, therefore, the law requires an applicant for naturalization to state in his petition that he has resided in the state one year at least, the indictment does not state a crime.

Subdivision 2 of section 4 of the naturalization act of June 29, 1906 (Chapter 3592, 34 Stat. 597 [U. S. Comp. St. Supp. 1909, p. 478]), defining what a petition for naturalization shall contain, provides that not less than two nor more than seven years after an alien has made his declaration of intent to become a citizen he shall make and file in duplicate a petition in writing duly verified, in which he shall state his full name, his place of residence, his occupation, and if possible the date and place of his birth; the place from which he emigrated, the date and place of his arrival in the United States, and, if he entered through a port, the name of the vessel on which he arrived; the time when and the place and name of the court where he declared his intention to become a citizen; the name of his wife, if married, and if possible the country of her nativity, and her place of residence at the time of filing his petition; the name, and place of birth, and residence of each child, if he has any living at the time of filing his petition; that he is not a disbeliever in, or opposed to, organized govern-

ment, or a member of or affiliated with any organization or body of persons teaching disbelief in or opposition to organized government; a polygamist, or a believer in the practice of polygamy; that it is his intention to become a citizen of the United States, and to renounce absolutely and forever all allegiance or fidelity to any foreign prince, potentate, state, or sovereignty, and particularly by name to the prince, potentate, state, or sovereignty of which he, at the time of filing his petition, may be a citizen or subject; and that it is his intention to reside permanently within the United States; and whether or not he has been denied admission as a citizen, and, if denied, the ground or grounds of such denial; the court or courts in which such decision was rendered, and that the cause for such denial has been cured or removed, and "every fact material to his naturalization, and required to be proved upon the final hearing of his application."

The petition is thus required to be verified by the applicant, and, in addition to the matters specially named, to contain a statement of every fact material to his naturalization and required to be proved on final hearing. If, therefore, residence within the state for at least one year prior to the date of the application is a fact material to be proven on final hearing, it is to be stated in the petition, and a knowingly false statement in reference thereto would be perjury, for which the defendant can be indicted and punished in the federal court, although the petion was made and filed in the state court. Schmidt v. U. S., 133 Fed. 257, 66 C. C. A. 389.

Now, subdivision 4 of section 4 provides that it shall be made to appear to the satisfaction of the court admitting any alien to citizenship, among other things, that immediately preceding his application he has resided continuously within the state or territory where such court is at the time held one year at least. This must be shown by the testimony of at least two witnesses, citizens of the United States, in addition to the oath of the applicant. The residence of the applicant within the state where the court is held for at least one year prior to the date of his petition for naturalization is thus made a fact material to be proven on the final hearing, and therefore, under subdivision 2 of section 4, it is to be stated in the petition for naturalization. This construction is confirmed by the form of petition contained and set out in section 27 of the act.

It is argued that no punishment is provided in the act of 1906 for perjury in a naturalization proceeding unless committed on the final hearing of the application. Section 23 reads:

"That any person who knowingly procures naturalization in violation of the provisions of this act shall be fined not more than five thousand dollars or shall be imprisoned not more than five years, or both, and upon conviction the court in which such conviction is had shall thereupon adjudge and declare the final order admitting such persons to citizenship void. Jurisdiction is hereby conferred on the courts having jurisdiction of the trial of such offense to make such adjudication. Any person who knowingly aids, advises or encourages any person not entitled thereto to apply for or to secure naturalization or to file the preliminary papers declaring an intent to become a citizen of the United States, or who in any naturalization proceedings knowingly procures or gives false testimony as to any material fact, or who knowingly makes an affidavit false as to any material fact required to be proved in such proceeding, shall be fined

not more than five thousand dollars, or imprisoned not more than five years, or both."

This section provides the punishment for knowingly making an affidavit false as to any material fact required to be proven in a naturalization proceeding. It is substantially the same as section 39 of the act of March 3, 1903 (chapter 1012, 32 Stat. 1222), referred to by the Court of Appeals in Schmidt v. U. S., supra. And, as said by Mr. Justice Gilbert in that case, it is to be deemed as an amendment of section 5395 (U. S. Comp. St. 1901, p. 3654), so far as it refers to the punishment for perjury in a naturalization proceeding.

But if section 23 is to be construed as applying to perjury committed on the final hearing only, and not in any of the preliminary stages, the facts stated in the indictment bring the case within the terms of section 5392 of the Revised Statutes, defining the crime of perjury and providing for the punishment thereof. This section is of long standing, is general in its terms, and applies to all cases in which a false oath or false testimony is taken or given in a matter required by law, before any competent tribunal, officer, or person. Babcock v. U. S. (C. C.) 34 Fed. 873. So that it is manifest that there is a statute prescribing the punishment for perjury committed in a naturalization proceeding.

It is not necessary to determine at this time whether the punishment is to be administered under the provisions of section 23 of the naturalization act or under section 5392 of the Revised Statutes. The only question for decision now is whether the facts stated in the indictment constitute a crime, and upon that question I entertain no doubt.

The demurrer is overruled.