(56 South. 503.)

No. 18,923.

STATE v. PARRISH.

(Nov. 13, 1911.)

*(Syllabus by the Court.)*

PERJURY (§ 5*)—WHAT CONSTITUTES.

To falsely make oath before a notary public in order to obtain a saloon license is not perjury, when the law governing the issuance of such licenses does not require such an oath. An oath must be administered in accordance with the law before perjury can be charged.

[Ed. Note.—For other cases, see Perjury, Dec. Dig. § 5.*]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

N. K. Parrish was indicted for perjury. From an order quashing the indictment, the state appeals. Affirmed.

Walter Guion, Atty. Gen., and John J. Robira, Dist. Atty. (G. A. Gondran, of counsel), for the State. Story & Pugh, for appellee.

BREAUX, C. J. The indictment charged the defendant with having appeared on the 16th day of December, 1910, before a notary public and taken the oath to answer the following question:

"Q. Have you ever been charged with violating any of the laws of the state or municipality?"
To which he answered:
"No."

It was further charged in the indictment that twice before the date he took the oath he had been tried and sentenced in the parish of Caddo for selling liquor without a license.

The indictment charged that the oath taken was "corrupt perjury." (We use the words of the indictment.)

The record, in the case before us for decision, discloses that the defendant addressed a petition to the mayor and board of aldermen of the city of Crowley, applying for a permit to conduct a barroom within the limits of that city, and the oath in question was taken in connection with the application for the permit and in support of the petition.

A petition is required by Act 176, § 8, of 1908, known as the "Gay-Shattuck Law."

The defendant filed a motion to quash the indictment.

The motion was sustained by the district court, and the indictment quashed.

The state appealed, to the end of having the indictment declared legal and the case reinstated for prosecution.

The license required of retail liquor dealers may be obtained without the necessity of such a broad and sweeping oath as that required of defendant to obtain a permit.

Section 8 of the act reads:

"This petition must be accompanied by the affidavit of two reputable citizens of this state, domiciled at the place where such applicant desires to locate his establishment, vouching for the truth of all the allegations contained in applicant's petition, as herein specified."

No law prescribes the taking of such an oath.

It follows there was no perjury. State v. Wymberly, 40 La. Ann. 460, 4 South. 161.

Perjury is the crime expressly charged.

No power is granted to any officer to administer such an oath.

Whatever may be the oath required of the applicants for permits, they do not include the oath that one has not violated any law of the state or of a municipality.

In order to hold that the lawmaker intended that such an oath should be taken, the intention must clearly appear.

The oath must be administered in accordance with the law in order that perjury may be charged. Revised Statutes, § 857.

One may violate a municipal ordinance, and yet not be guilty.

He may even violate some public statutes, without thereby committing a felony or a misdemeanor, which disqualifies him from opening a liquor saloon.

Such is the conclusion at which we have arrived.

We are of opinion that the question was properly decided below.

For reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed.