STATE v. OSCAR LARSON.[1]

May 6, 1927.

No. 26,028.

**Conviction for perjury set aside.**

The appellant was charged with illegally transporting intoxicating liquor and entered a plea of guilty. Before he was sentenced he was sworn and questioned by the presiding judge. He was asked whether he had been arrested before, how often, and when. His answers were untrue. The examination was not had in accordance with the requirements of G. S. 1923, § 10724. Thereafter appellant was charged with the crime of perjury committed in giving the answers above referred to. *Held*, that his conviction cannot be sustained for the reason that the oath he took was not administered pursuant to or as required or authorized by law.

Criminal Law, 16 C. J. p. 1294 n. 33.
Perjury, 30 Cyc. p. 1401 n. 7; p. 1411 n. 8; p. 1417 n. 50; p. 1419 n. 58.
Witnesses, 40 Cyc. p. 2609 n. 66; p. 2621 n. 55; p. 2622 n. 60; p. 2769 n. 31.

See note in 39 L. R. A. (N. S.) 96; 21 R. C. L. 257.

The defendant was convicted of perjury in the district court for Nicollet county. He appealed from an order, Olsen, J., denying his motion for a new trial. Reversed.

*C. J. Laurisch*, for appellant.

*Clifford L. Hilton*, Attorney General, and *Josiah Baker*, County Attorney, for the state.

LEES, C.

This is an appeal from an order denying a new trial after appellant was convicted of the crime of perjury.

The information charged that the crime was committed in the course of appellant's examination preliminary to his sentence on his plea of guilty to the charge of unlawfully transporting intoxicating

[1]Reported in 213 N. W. 900.

liquor. After he was sworn, the following questions were asked by the judge presiding when the plea of guilty was entered and answered by appellant:

Q. "Do you use intoxicating liquor?

A. "I did, I didn't for a while, I did before but not this summer. * * *

Q. "Were you in the habit of becoming intoxicated?

A. "I would occasionally.

Q. "About how many times a year?

A. "Two or three. * * *

Q. "Have you ever been arrested before?

A. "I have been arrested for being drunk.

Q. "How often?

A. "Once or twice.

Q. "How long ago were you arrested?

A. "In 1923.

Q. "You have never been arrested since that time?

A. "No, sir.

Q. "Was that in North Mankato?

A. "No, in the city of Mankato."

The information charges that these answers were untrue in that in fact appellant had been arrested in Mankato on May 14, 1923, for resisting an officer; in North Mankato on August 30, 1923, for selling intoxicating liquor; and in Mankato on July 10, 1924, for disorderly conduct.

The crime of perjury is defined by G. S. 1923, § 10016. For the purpose of this case, the essentials are (1) the administration of an oath in an action, hearing, inquiry, or other occasion in which an oath is required by law or is necessary for the ends of public justice or may lawfully be administered; (2) the giving, wilfully and knowingly, of false testimony concerning a material fact.

The principal argument in appellant's behalf is based on the proposition that his testimony did not relate to a material fact.

Section 10018, G. S. 1923, provides that it is no defense that the accused did not know the materiality of his false testimony, or that

it did not in fact affect the proceeding in which it was made; it is sufficient that it was material and might have affected the proceeding.

Section 9920, G. S. 1923, provides that whenever the punishment for a crime is left undetermined between certain limits, the court shall determine the same within the prescribed limits.

Under G. S. 1923, § 3225 (e), it is not a felony to transport intoxicating liquor illegally. The offense is punishable by fine and imprisonment in the county jail. The court has a limited discretion as to the amount of the fine and term of imprisonment.

It is generally held that, to constitute perjury, the false testimony must have been material to the issue or to the point of inquiry. 2 Bishop, Cr. Law, § 1030; 21 R. C. L. p. 254, and note 4, where the cases are cited.

In the trial of a case a witness may be asked, on cross-examination, whether he has been convicted of a crime and, if he denies it, he may be contradicted. The purpose of this is to shake his credit. But it is not proper to ask whether he has been arrested. State v. Renswick, 85 Minn. 19, 22, 88 N. W. 22; State v. Bryant, 97 Minn. 8, 105 N. W. 974; and see Carter v. Duluth Yellow Cab Co. 170 Minn. 250, 212 N. W. 413, holding that a conviction of a violation of an ordinance cannot be shown for the purpose of impeaching a witness, because such a violation is not a criminal offense.

It is doubtful whether the rule applicable where the purpose of the examination is to impeach a witness is applicable here. A trial judge, about to sentence a man convicted of a criminal offense, may properly invite him to make a statement before sentence is pronounced and may question him about his life in the past. That is the usual practice. It is intended to bring out any mitigating or aggravating circumstances. In 2 Bishop, Cr. Law, § 1038, the following statements occur: Testimony tending to aggravate the punishment is material; whatever goes to the credit of a witness is material, and perjury may be founded upon it but after a plea of guilty there is no longer any issue of fact to be tried and any testimony introduced is immaterial and cannot be the foundation of a prosecution for perjury.

Since it is unnecessary to determine whether appellant's answers to the court's questions related to a material matter, we leave the question open for future consideration and dispose of the case on another ground.

As a general rule, false testimony, given under an oath which is neither required nor authorized by law, does not constitute perjury. See State v. Parrish, 129 La. 547, 56 So. 503, 39 L. R. A. (N. S.) 96, and note in which the cases are reviewed. In United States v. George, 228 U. S. 14, 33 Sup. Ct. 412, 57 L. ed. 712, the judgment of the lower court, holding that an affidavit made by a homestead claimant in pursuance of a regulation promulgated by the secretary of the interior and by the officers of the land department, but which was not authorized or demanded by any law of the United States, could not be the predicate for the successful assignment of perjury. The case exemplifies the application of the rule that perjury cannot be assigned upon an oath not authorized or required by law. The doctrine was adopted by this court in State v. McCarthy, 41 Minn. 59, 42 N. W. 599, where it was held that the oath must be one administered pursuant to, or as required or authorized by, some law, and that a merely gratuitous oath cannot be said to be lawfully administered, within the meaning of the statute defining perjury.

An examination of a person convicted of an offense before sentence is passed upon him is authorized by G. S. 1923, § 10724. It may be had where the extent of the punishment lies in the discretion of the court, upon the suggestion of either party that there are circumstances in aggravation or mitigation of the punishment. Such circumstances shall be presented by the testimony of witnesses examined in open court. The hearing is summary, upon such notice to the adverse party as the court may direct, and whether it shall be had or not is within the discretion of the court. This procedure was not followed in the instant case.

We have been referred to no other statutory provision which purports to authorize the administration of an oath to a person convicted of an offense and about to be sentenced by the trial court.

In view of the facts and circumstances of the present case, it must be held that the oath administered to appellant was neither

authorized nor required by law and that a conviction of perjury on the ground that, after the oath was administered, the appellant made untrue answers to the questions propounded by the presiding judge, cannot be sustained.

Order reversed.