## VAN MORGAN v. STATE.

No. A-7305.   Opinion Filed Nov. 25, 1929.
(282 Pac. 1110.)

McCollum and McCollum, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Pawnee county on a charge of perjury and was sentenced to serve a term of four months in the state penitentiary.

The charge arose from the following state of facts: Defendant was an applicant before the county judge for a license to operate a pool hall under the provisions of section 3204, Comp. Stat. 1921. In making such application he filed an application before the county judge which he verified by oath before the court clerk of the county. This application, among other things, sets out that the applicant has never been convicted of violating any of the laws prohibiting the traffic in any spirituous, vinous, fermented, or malt liquors, or any of the laws commonly called "prohibition laws." The information alleges this was false; that in February, 1915, the applicant was tried and convicted in the United States District Court at Guthrie on a charge of introducing intoxicating liquor on the Indian Reservation; and that his affidavit was false and untrue, etc.

Counsel for defendant contend: First, That the provisions of the law providing for license for pool halls, section 3204, Comp. Stat. 1921, wherein it refers to a violation of the prohibition laws, has application only to the prohibition laws of the state of Oklahoma, and not to the federal statutes dealing with the introduction of liquor into the Indian Territory. Second. That the statute which provides for a license to operate pool halls does not provide nor require that the same shall be sworn to. Third. That the said section 3204 fixes the penalty for violation thereof as a misdemeanor, and the fixing of such penalty precludes perjury based upon a violation of such section.

The Attorney General has filed a confession of error in part as follows:

"The Attorney General is inclined to the view that the statutes of Oklahoma do not make it perjury for a person to swear falsely to an application for a pool hall

license. It is with considerable reluctance and regret, and after much investigation, that the Attorney General feels impelled to make this confession.

"Sec. 1500 Comp. Stat. 1921, reads as follows:

" 'No act or omission shall be deemed criminal or punishable except as prescribed or authorized by this code. The words "this code" as used in the "penal code" shall be construed to mean "statutes of this state." '

"Irrespective of said section, it is a plain requirement of law, well known to the legal profession, that before a person may be punished criminally, there must be some express legal provision for so doing.

"Our statute defining the crime of perjury reads as follows:

" 'Any person, who, having taken an oath that he will testify, declare, depose or certify truly, before any competent tribunal, officer, or person, in any of the cases in which such an oath may by law be administered, wilfully and contrary to such oath, states any material matter which he knows to be false, is guilty of perjury.' (Sec. 1628, Comp. Stat. 1921.)

"In the case of Ex parte Ellis, 3 Okla. Cr. 220, on pages 224, 225, 105 Pac. 184, 186, 25 L. R. A. (N. S.) 653, Ann. Cas. 1912A, 863, of said opinion, is the following statement of this court:

" 'In general any material statement made under oath in any proceeding, or in relation to any matter in which oath is authorized, or required by law, may be the subject of perjury.   *   *   *  '

" 'It is a general rule that perjury cannot be predicated on an oath which is not required by law.' U. S. v. Dupont (D. C.) 176 F. 823; State v. Wyatt, 3 N. C. 56; People v. Fox, 25 Mich. 492.

"And that the hearing of an application for a pool hall license is not a judicial proceeding. It is a special

proceeding before a county judge and the hearing is controlled by the provisions of section 3203 to 3207, Comp. Stat. 1921. Section 3204 is the section relating to the application for the license and the necessity of the applicant to make a showing once a year to the county judge, and satisfy the county judge that he is a person of good moral character, et cetera. There is nothing in any of the sections relating to the issuance of license for pool halls that provides that the application shall be under oath, or that any witness or person shall be sworn by the county judge or by any other officer authorized to administer oaths as to the truthfulness of any matter that he may be called upon to present in any such hearing. In other words, the special statute for the issuance of pool hall licenses does not provide for an oath to be administered by the county judge at any time or for any purpose.

"Now, the statute defining perjury provides that perjury may be committed in instances 'only' 'in which such an oath may by law be administered.' However reprehensible it may be for a person to make a false oath in any instance whereby he may secure some benefit by so doing, nevertheless, the Legislature has seen fit only to make a false oath perjury where the person swears to some material matter in an instance where the oath may by law be administered.

"In the case of City of Shawnee v. Landon, 3 Okla. Cr. 440, 106 Pac. 652, this court held:

" 'Penal statutes cannot be enlarged by implication or extended by inference. No person can be convicted of a crime unless the act committed is within both the letter and the spirit of a penal statute.' See, also, White v. State, 4 Okla. Cr. 163, 111 Pac. 1010; Myers v. State, 19 Okla. Cr. 138, 197 Pac. 884, 18 A. L. R. 1057; State v. Smith, 19 Okla. Cr. 195, 198 Pac. 879.

"The Attorney General is of the opinion that it would be an evident enlargement upon the perjury statute to hold that by implication and inference the crime of perjury may be committed by swearing falsely to an appli-

cation for a pool hall license under the provisions of section 3204, supra.

"Nor do we believe that the fact that the county judge may have required the application to be sworn to before he would consider the same to be equivalent to a statute providing for the taking of such oath. Before you can make the offense criminal, the oath must be provided for by law. In other words, the crime of perjury may only be committed where the oath may by law be taken. * * *"

An examination of the statutes and the authorities convince us that the contention of defendant should be sustained in each particular. A part of such section 3204, Comp. Stat. 1921, is:

"* * * That he has never been convicted of violating any of the laws prohibiting the traffic in any spirituous, vinous, fermented or malt liquors, or any of the laws commonly called 'prohibition laws,' or convicted of violating any of the gambling laws of the state."

The following section, 3205, among other things, provides:

"The county judge, upon five days notice to the person holding such license shall revoke such license for any one of the following reasons: * * * Fifth. Violating any of the laws of the state commonly called 'prohibition laws' or violating any of the gambling laws of the state; or permitting anyone to violate any of these laws in such place."

Considering these sections of the statute together, it appears that the Legislature in prescribing restrictions upon persons applying for pool hall license had in mind the state prohibitory liquor laws, and not those of the United States, and that the language as quoted from section 3205, supra, in fact excludes its application to violations of the federal statutes.

Upon the second contention it will be observed that the statute providing for an application for a license to operate a pool hall does not provide that the application be sworn to. It is a well-settled rule that an oath not administered pursuant to nor required nor authorized by any law cannot be made the basis for a charge of perjury. In 30 Cyc. p. 1411, the law is stated as follows:

"The taking of a mere voluntary oath that is nowhere either authorized or required by law is not perjury. A charge of perjury cannot be predicated upon false testimony before a grand jury, where the grand jury had no legal authority to inquire into the particular matter under investigation. Nor can perjury be assigned on the affidavit of an applicant for naturalization as to his residence in a state previous to the application, since as to such matter an oath is not required."

In State v. McCarthy, 41 Minn. 59, 42 N. W. 599, it is said:

"An oath not administered pursuant to, nor required nor authorized, by any law, cannot be made the basis for a charge of perjury."

In State v. Parrish, 129 La. 547, 56 So. 503, 39 L. R. A. (N. S.) 96, it is said:

"To falsely make oath before a notary public in order to obtain a saloon license is not perjury, when the law governing the issuance of such licenses does not require such an oath. An oath must be administered in accordance with the law before perjury can be charged."

See also Patterson v. U. S. (C. C. A.) 181 F. 970, where the same rule is stated.

Upon the third contention, an examination of section 3204, Comp. Stat. 1921, supra, shows that the latter part provides:

"* * * Any person violating any provision of this section shall be punished by fine not less than twenty-five dollars nor more than one hundred dollars for each offense."

In this connection, section 1509, Comp. Stat. 1921, is as follows:

"If there be in any other chapter of the laws of this state a provision making any specifie act criminal and providing the punishment therefor, and there be in this penal code any provision or section making the same act a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof shall be governed by the special provisions made in relation thereto, and not by the provisions of this penal code."

If plaintiff in error committed an offense in making a false application for pool hall license, the penalty is fixed by the latter part of section 3204, supra.

The confession of error of the Attorney General therefore follows the sound rule of law and is adopted by this court.

The case is reversed and remanded, with instructions to dismiss.

DAVENPORT and CHAPPELL, JJ., concur.