**STATE of Minnesota, Appellant,**

v.

**Michael Ray MERTZ, Respondent.**

No. A10–2003.

Court of Appeals of Minnesota.

July 18, 2011.

Lori Swanson, Attorney General, St. Paul, MN; and Brian J. Melton, Clay County Attorney, Jenny M. Samarzja, Assistant County Attorney, Moorhead, MN, for appellant.

Bradford S. Delapena, St. Paul, MN, for respondent.

Considered and decided by SHUMAKER, Presiding Judge; KLAPHAKE, Judge; and WORKE, Judge.

## OPINION

WORKE, Judge.

In this pretrial appeal, the state argues that the district court erred in finding that respondent recanted his perjured statement and in dismissing the perjury charge for lack of probable cause. Respondent filed a cross-appeal, arguing that the district court erred in concluding that the perjury statute does not require the administration of a formal oath. We agree with respondent and affirm because, although the district court erred in determining that a proper oath was given, the court appropriately dismissed the charge.

## FACTS

On April 14, 2010, respondent Michael Ray Mertz was charged with third-degree assault. The next day, respondent applied for a public defender. The public-defender application indicated that "[i]f you put false information on your application, it may lead to criminal charges against you." Respondent indicated that he had no cash assets and had only $1,000 in a bank account and signed his name below this statement: "I *SWEAR TO THE TRUTH* OF MY ANSWERS I HAVE PROVIDED IN THIS APPLICATION TO THE BEST OF MY ABILITY, WITH FULL KNOWLEDGE OF THE PENALTY OF PERJURY, INCLUDING A POSSIBLE CRIMINAL CHARGE AND PRISON SENTENCE IF I HAVE WILLFULLY PROVIDED FALSE INFORMATION." Respondent was appointed a public defender after completing a financial statement that he signed and that was "witnessed by Clay County Sheriff's Deputy Team Leader Deb Benson." Respondent received representation throughout the assault proceeding.

On April 17, officers found $36,900 in cash buried in respondent's backyard. On May 11, respondent wrote a letter to law enforcement indicating that the money removed from his property belonged to him. On May 24, the district court held an omnibus hearing on the assault case. Respondent's public defender requested that respondent be allowed to correct "misstatements" he made in the public-defender application. Respondent then gave sworn testimony that the $36,900 belonged to him, that at the time he filled out the application he did not believe that he had access to the buried money, and that he failed to claim it on his public-defender application. Because the state was unwilling to release the money, the court continued the appointment of the public defender and indicated that the court would make a determination as to reimbursement at some point in the future.

Based on the information initially provided in the public-defender application, the state charged respondent with perjury. Respondent moved to dismiss the perjury charge for lack of probable cause, assert-

ing that respondent was not under oath when he filled out the public-defender application and that he had timely recanted his misstatements. The district court dismissed the perjury charge, determining that while respondent was formally under oath, he recanted during the same legal proceeding and that his misstatements did not substantially affect the proceeding. This appeal follows.

## ISSUE

Did the district court err in dismissing the perjury charge for lack of probable cause?

## ANALYSIS

■ The district court dismissed the perjury charge for lack of probable cause. A dismissal for lack of probable cause is appealable if it is based on a legal determination. *State v. Ciurleo,* 471 N.W.2d 119, 121 (Minn.App.1991). As with other legal determinations, it is reviewed de novo. *See State v. Linville,* 598 N.W.2d 1, 2 (Minn.App.1999) (reviewing statutory interpretation de novo).

■ Respondent argues that, while the district court appropriately dismissed for lack of probable cause, the district court erred in finding that the perjury statute does not require the actual administration of a formal oath. The district court determined that respondent's "signing of the public defender form constituted his written declaration, which was witnessed by a deputy.... [T]his is sufficient to constitute an oath under Minnesota law. The language comports with the federal requirements and establishes [respondent's] statement as having the same force and effect as an orally sworn oath." Respondent argues that an "actual administration of an oath is required."

The perjury statute requires that a false material statement be knowingly made "(1) in or for an action, hearing or proceeding of any kind in which the statement is required or authorized by law to be made under oath or affirmation; [or] (2) in any writing which is required or authorized by law to be under oath or affirmation[.]" Minn.Stat. § 609.48, subd. 1 (2008). In *State v. Larson,* the supreme court stated that an oath must be authorized by statute and must not be merely "gratuitous." 171 Minn. 246, 249, 213 N.W. 900, 901 (1927).

Respondent completed a public-defender application. And he was on notice that "[i]f [he] put false information on [his] application, it may lead to criminal charges." Respondent also signed the following statement that was witnessed by a deputy: "I *SWEAR TO THE TRUTH* OF MY ANSWERS I HAVE PROVIDED IN THIS APPLICATION TO THE BEST OF MY ABILITY WITH FULL KNOWLEDGE OF THE PENALTY OF PERJURY, INCLUDING A POSSIBLE CRIMINAL CHARGE AND PRISON SENTENCE." The financial-inquiry screening is provided by statute:

> Upon a request for the appointment of counsel, the court shall make appropriate inquiry into the financial circumstances of the applicant, who shall submit a financial statement under oath or affirmation setting forth the applicant's assets and liabilities, including the value of any real property owned by the applicant, whether homestead or otherwise, less the amount of any encumbrances on the real property, the source or sources of income, and any other information required by the court. The applicant shall be under a continuing duty while represented by a public defender to disclose any changes in the applicant's financial circumstances that might be relevant to the applicant's eligibility for a public defender.

Minn.Stat. § 611.17(b) (2008). Respondent merely signed his name in the presence of a deputy, which does not have the

same force and effect as a formally sworn oath. No oral oath was administered. A group oath administered by a district court to answer questions truthfully may sufficiently impose on a person the duty to tell the truth and thereby support a perjury conviction. *State v. Healy*, 521 N.W.2d 47, 49–50 (Minn.App.1994), *review denied* (Minn. Oct. 27, 1994). But here the solemnity of even a group oath was absent. Because an individual can be criminally liable and face severe consequences following a perjury conviction, we construe the statute as requiring that a formal oath be administered by a court-designated individual before an individual may be charged with perjury. *See generally State v. Ptacek*, 766 N.W.2d 355, 359 (Minn.App.2009) (noting principle that penal statutes must be strictly construed), *review denied* (Minn. Aug. 26, 2009).

Although the district court erred in determining that a proper formal oath was administered, the district court did dismiss the perjury charge on other grounds. Because we resolve the matter on the administration-of-oath issue, we do not need to address the applicability of the recantation defense. *See Kahn v. State*, 289 N.W.2d 737, 745 (Minn.1980) ("We will not [ ] reverse ... a correct decision simply because it is based on incorrect reasons.").

## DECISION

Because respondent was not administered a formal oath by a court-designated individual when acknowledging that a material misstatement could subject him to penalty of perjury, including a possible criminal charge and prison sentence, the district court appropriately dismissed the perjury charge.

**Affirmed.**