**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1770**

State of Minnesota,
Respondent,

vs.

Gary Lee Burnett,
Appellant.

**Filed July 20, 2015
Affirmed
Schellhas, Judge**

Mille Lacs County District Court
File No. 48-CR-13-274

Lori Swanson, Attorney General, Robert Plesha, Assistant Attorney General, St. Paul, Minnesota; and

Joe Walsh, Mille Lacs County Attorney, Milaca, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Melissa Sheridan, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Reyes, Judge; and Minge, Judge.[*]

**S Y L L A B U S**

A false statement is "material," within the meaning of Minn. Stat. § 609.48, subd. 1 (2010), if the statement has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it is made.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

# OPINION

**SCHELLHAS**, Judge

Appellant seeks reversal of his perjury conviction, arguing that the state failed to prove beyond a reasonable doubt that his false statements were material. We affirm.

## FACTS

In September 2010, respondent State of Minnesota charged appellant Gary Lee Burnett with four counts of criminal sexual conduct, alleging that Burnett had engaged in sexual penetration and/or sexual contact with a six-year-old victim. The charges were tried to a jury in February 2012. The state relied on the victim's accounts of abuse, apparently presenting no corroborating physical evidence or eyewitness testimony. Burnett testified in his own defense and denied any sexual contact with the victim. He also claimed "[f]our and [a] half proud years" of service in the United States Army, which purportedly included overseas deployment, serious injury, receipt of two Purple Hearts, and medical discharge. The trial resulted in a hung jury, after which law enforcement learned that Burnett had never served in the military. At a retrial of the criminal-sexual-conduct charges in November 2012, Burnett did not testify, and a jury found him guilty of three of the four counts.

At his sentencing hearing, Burnett admitted that he had lied about serving in the military. In February 2013, the state charged Burnett with felony perjury under Minn. Stat. § 609.48, subd. 1(1) (2010) (false statement in action, hearing, or proceeding). The parties agreed to submit the case to the district court on stipulated facts under Minn. R.

Crim. P. 26.01, subd. 3. The court received the September 2010 complaint, which charged Burnett with criminal sexual conduct, for the limited purpose of showing "what the allegations were, what the nature of the charges were, and what the issues were at trial"; a transcript of Burnett's testimony at his first criminal-sexual-conduct trial; and a transcript of Burnett's sentencing hearing on his criminal-sexual-conduct convictions. The only contested issue was whether Burnett's false statements were "material" within the meaning of Minn. Stat. § 609.48, subd. 1 (2010). The court found that the state had proved the materiality of Burnett's false statements beyond a reasonable doubt, adjudicated Burnett guilty of perjury, and sentenced him to 33 months' imprisonment, stayed for 7 years.

This appeal follows.

## ISSUE

Does sufficient evidence support the district court's finding that Burnett's false statements were "material" within the meaning of section 609.48, subdivision 1?

## ANALYSIS

The United States Constitution "indisputably entitles a criminal defendant to a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *State v. Her*, 862 N.W.2d 692, 695 (Minn. 2015) (quotations omitted); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2156 (2013) (stating that Sixth Amendment jury-trial right, "in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt" (citing *United States v. Gaudin*, 515 U.S. 506, 510, 115 S. Ct. 2310, 2313 (1995))). Accordingly,

3

when materiality is an element of a false-statement crime, the state must prove beyond a reasonable doubt that the false statement was material. *Gaudin*, 515 U.S. at 518–19, 522–23, 115 S. Ct. at 2318, 2320.

In Minnesota, materiality is an element of the crime of perjury. *See* Minn. Stat. § 609.48, subd. 1 (providing that perjurious statement must be both false and material). "Material" is not defined in the criminal code. *See* Minn. Stat. §§ 609.00–.912 (2010). But the perjury statute makes clear that a false statement need not have any effect to be material and that the declarant's state of mind is irrelevant to his statement's materiality. *See* Minn. Stat. § 609.48, subd. 2 (2010) (providing that "[i]t is not a defense to a violation of this section that . . . the declarant did not know that the statement was material or believed it to be immaterial" or that "the statement was not used or, if used, did not affect the proceeding for which it was made"). The parties have not identified, and we have not found, any Minnesota authority that defines "material," as used in section 609.48, subdivision 1.

In 1927, the Minnesota Supreme Court stated that a then-effective Minnesota statute "provides that it is no defense [to perjury] that the accused did not know the materiality of his false testimony, or that it did not in fact affect the proceeding in which it was made; it is sufficient that it was material and *might have affected* the proceeding." *State v. Larson*, 171 Minn. 246, 247–48, 213 N.W. 900, 900 (1927) (emphasis added). Federal courts have held that "a false statement is material if it has 'a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed.'" *Neder v. United States*, 527 U.S. 1, 16, 119 S. Ct. 1827, 1837

4

(1999) (alteration in original) (quoting *Gaudin*, 515 U.S. at 509, 115 S. Ct. at 2313); *accord United States v. Rastegar*, 472 F.3d 1032, 1036–37 (8th Cir. 2007). And other state courts have adopted similar definitions of materiality in the perjury context. *See, e.g.*, *Commonwealth v. Cohen*, 921 N.E.2d 906, 931 (Mass. 2010) ("[A] statement is 'material' if it tends in reasonable degree to affect some aspect or result of the inquiry." (quotation omitted)); *People v. Hadid*, 993 N.Y.S.2d 754, 757 (N.Y. App. Div. 2014) ("The test of materiality is whether the false testimony was capable of influencing the tribunal on the issue before it." (quotations and citation omitted)); *State v. Lanning*, 832 N.E.2d 143, 149 (Ohio Ct. App. 2005) ("[I]n the context of a grand-jury proceeding, a false statement is material if it has the natural effect or tendency to impede, influence or dissuade the grand jury from pursuing its investigation." (quotations omitted)). "[A]lthough we are not bound to follow precedent from other states or federal courts, these authorities can be persuasive." *State v. McClenton*, 781 N.W.2d 181, 191 (Minn. App. 2010), *review denied* (Minn. June 29, 2010).

We conclude that a false statement is "material" within the meaning of section 609.48, subdivision 1, if the statement has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it is made. We therefore must reverse Burnett's perjury conviction absent sufficient evidence that his false claim of exemplary military service was capable of influencing the jury's verdict on the criminal-sexual-conduct charges.

5

To evaluate the sufficiency of the evidence, appellate courts use the same standard of review in bench trials as in jury trials. *State v. Palmer*, 803 N.W.2d 727, 733 (Minn. 2011). Under that standard of review, appellate courts

> carefully examine the record to determine whether the facts and the legitimate inferences drawn from them would permit the [fact-finder] to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted. . . . The verdict will not be overturned if the fact-finder, upon application of the presumption of innocence and the State's burden of proving an offense beyond a reasonable doubt, could reasonably have found the defendant guilty of the charged offense.

*State v. Fox*, ___ N.W.2d ___, ___, 2015 WL 1810482, at *12 (Minn. Apr. 22, 2015).

In this case, the district court determined that Burnett's false statements "were material in that they went directly to the issue of his credibility and were capable of influencing the jury's decision regarding whether to believe . . . Burnett or the victim in a case primarily dependent on credibility." Burnett argues that "military service is not a relevant factor in determining [the] credibility" of his denial of having had sexual contact with the victim because a jury should not be influenced by a witness's military service unless that service is relevant to the witness's "believability as to particular issues." But the question before us is not whether Burnett's claim of exemplary military service should have influenced the jury's assessment of his credibility; the question is whether Burnett's claim of exemplary military service had a natural tendency to influence, or was capable of influencing, the jury's assessment of his credibility. *See Neder*, 527 U.S. at 16, 119 S. Ct. at 1837 (stating that "a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which

6

it was addressed" (quotation omitted)); *cf. Larson*, 171 Minn. at 248, 213 N.W. at 901 (stating that "whatever goes to the credit of a witness is material, and perjury may be founded upon it").

Burnett made his claim of exemplary military service during his direct examination as follows:

> Q. [W]hat did you do after [graduating from high school]?
> A. I enlisted in the United States Army.
> Q. Okay and did you serve our country?
> A. I did.
> Q. And for how long?
> A. Four and [a] half proud years.
> Q. Okay and were you sent overseas?
> A. I was.
> Q. Were you wounded overseas?
> A. I was, twice.
> Q. Okay and did you earn any medals?
> A. Yes, I was ordered two Purple Hearts, one for a gunshot wound to the chest and one for shrapnel and hearing impairment from an IED.
> Q. Okay and the hearing aids you wear today, are those because of the IED?
> A. Yes.

The transcript of this testimony—together with the complaint showing that the criminal-sexual-conduct charges apparently were dependent entirely on the six-year-old victim's statements—constitutes sufficient evidence that Burnett's false claim of exemplary military service was capable of influencing the jury's decision as to his guilt or innocence of criminal sexual conduct. *See Fox*, 2015 WL 1810482, at \*12 (stating that evidence is sufficient to support conviction if "the facts and the legitimate inferences drawn from them would permit the [fact-finder] to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted"); *see also Sears v.*

7

*United States*, 791 F. Supp. 950, 954 (N.D.N.Y. 1992) ("By testifying that he had received a combat infantry badge, two Vietnam[] campaign ribbons, a purple heart, and two bronze stars, had refused a silver star, and had been wounded while fighting on behalf of citizens such as the jurors, [defendant] painted a self-portrait of valor and courage which surely could have enhanced his image in the minds of the jurors. When the jury listened to his subsequent testimony, in which he disavowed possession and/or use of the gambling devices in question, the jury certainly could have considered his earlier testimony concerning his exemplary military record in deciding how much weight to afford his version of the facts."); *cf. United States v. Alvarez*, 132 S. Ct. 2537, 2542–43 (2012) (referring to military service as "the 'supreme and noble duty of contributing to the defense of the rights and honor of the nation'" and stating that it is "a most valued national aspiration and purpose" for "the Nation [to] hold in its highest respect and esteem those who" perform that duty "with extraordinary honor" (quoting *Selective Draft Law Cases*, 245 U.S. 366, 390, 38 S. Ct. 159, 165 (1918))).

## D E C I S I O N

Sufficient evidence supports the district court's finding that Burnett's false statements were material within the meaning of Minn. Stat. § 609.48, subd. 1 (2010), because the false statements had a natural tendency to influence, or were capable of influencing, the decision of the decision-making body to which Burnett made the statements. We therefore affirm Burnett's perjury conviction.

**Affirmed.**

8