<hr />

## IN RE FRANK DEMARCO.

May Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 31, 1905.

*Criminal Law—Construction of Penal Statutes—Powers Granted by Implication—Justices of the Peace—§ 114, No. 115, Acts 1904.*

Though penal statutes are to be strictly construed, they are not to be construed so strictly as to defeat the obvious intention of the Legislature.

Every statute is understood to contain by implication, if not expressed by its terms, all such provisions as are necessary to effectuate its object, and to make effective the powers and jurisdiction which it grants; and what is implied in a statute is as much a part thereof as what is expressed.

Section 114 of the license act of 1904 provides that in all prosecutions for violations of the provisions of the act, "except for intoxication and where the respondent enters a plea of guilty," justices and municipal and city courts may cause persons charged with such violations to be apprehended and committed to prison or bound over with sufficient sureties for trial by the county court.

*Held,* that this section does not confer jurisdiction on a justice of the peace to bind over on a plea of guilty; and since the section confers upon justices of the peace jurisdiction to accept a plea of guilty in all prosecutions for violations of the provisions of the act, jurisdiction is thereby, by implication, conferred upon justices of the peace to act upon such pleas of guilty and to enforce the penalties of the act by judgment and sentence.

HABEAS CORPUS returnable to the Supreme Court for the County of Washington at its May Term, 1905, and heard at said term.

*Elwin L. Scott* and *Richard A. Hoar* for the relator.

The jurisdiction of justices of the peace will not be extended by implication, as the statutes conferring jurisdiction are strictly construed. Am. & Eng. Enc. of Law, Vol. 18, p. 17; Bishop on Criminal Procedure, Vol. 1, 3rd Ed. § 236; *State* v. *Wilson,* 74 Vt. 326; Bishop on Statutory Crimes, 3rd Ed. § 194; *State* v. *McOmber,* 6 Vt. 215; *State* v. *Summer,* 10 Vt. 587.

*Clarke C. Fitts,* Attorney General, and *S. H. Jackson,* State's Attorney for the State.

ROWELL, C. J. The relator was brought before a justice on a complaint for selling and furnishing intoxicating liquor contrary to law, and pleaded guilty of one first offence, and was thereupon adjudged guilty, and sentenced to the House of Correction for not more than six nor less than five months, and is now restrained of his liberty on a mittimus issued to carry said judgment and sentence into effect.

Section 114 of the license Act of 1904 provides that in all prosecutions for violations of the provisions of the act, "except for intoxication and where the respondent enters a plea of guilty," justices and municipal and city courts may

cause persons charged with such violations to be apprehended and committed to prison or bound over with sufficient sureties for trial by the county court.

Section 103 of the act gives justices and municipal and city courts concurrent jurisdiction with the county court of the offence of being found intoxicated. But their jurisdiction on a plea of guilty of other violations of the act, if any they have, is to be found in section 114.

It is claimed that that section does not confer jurisdiction to sentence and do execution, nor even to bind over, but that on a plea of guilty the respondent must be discharged and let go without day. Such a construction will not be given if there is any other reasonable construction, for the rule is that statutes are to be so construed, if possible, as to give effect to all of their clauses and provisions; and while there can be no constructive offences, and before a man can be punished his case must be plainly and unmistakably within the statute; and while penal statutes are to be strictly construed,—yet the intention of the Legislature must govern in their construction as well as in the construction of other statutes, and they are not to be construed so strictly as to defeat the obvious intention of the Legislature. And again, every statute is understood to contain by implication if it does not by its express terms, all such provisions as are necessary to effectuate its object and purpose, and to make effective the rights, powers, privileges, and jurisdiction that it grants; and what is implied in a statute is as much a part of it as what is expressed.

Applying these rules, it appearing that the Legislature conferred upon justices jurisdiction to accept pleas of guilty in all prosecutions for violations of the provisions of said act, the statute must be taken to contain by implication every provision necessary to make that jurisdiction effective; and it would not be effective without jurisdiction to act upon such

pleas by enforcing the penalties of the act, and therefore such jurisdiction must be taken to be conferred, for otherwise there would be an entire failure of justice, as it is considered that the statute does not confer jurisdiction to bind over on a plea of guilty.

*Judgment that the relator is not unlawfully restrained of his liberty, and he is remanded to the custody from which he was taken.*