Marguerite Riley *v.* Riley's Estate.

May Term, 1945.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed October 2, 1945.

*Asa S. Bloomer* for the administrator.

*Lawrence & O'Brien* for the heir.

*Christopher A. Webber* for the claimant.

STURTEVANT, J. Margaret A. Riley died in Clarendon in this State on March 10, 1943. She left surviving her four children among whom are Marguerite Riley and Mary R. Hunt. Harris B. Savery was duly appointed administrator of decedent's estate and commissioners were also duly appointed. Marguerite Riley presented a claim in the sum of $6,000 to the commissioners which they allowed in the sum of $4200 and disallowed to the amount of $1800. The commissioners' report showing such disposition of this claim was returned to the probate court and by that court accepted and ordered to be filed on February 21, 1944. On March 7, 1944, Mary R. Hunt filed her application for an appeal from the allowance of the aforementioned claim. No specific request was made to the administrator that he take an appeal from the allowance of the claim in question and he made no express and specific refusal to do so. However, the administrator did not take such appeal at any time. That is, the administrator simply did not appeal within the time permitted by statute and Mary R. Hunt did so as an heir and person interested in the estate of her mother.

Having found the facts as above stated, the county court ruled

as a matter of law that "the words 'decline to appeal' as used in section P. L. 3012 are equivalent to a failure or neglect to appeal, as contrasted with an affirmative refusal to appeal, and, therefore, it is considered and adjudged that the appellant have judgment against the administrator on the administrator's answer in this cause, and it is further considered and adjudged that the cause stand for disposition on the merits."

The court below having refused to dismiss the appeal on the administrator's motion, he brings the case here under the provisions of P. L. 2072. But one question is presented for our consideration, namely, was the appeal legally taken?

P. L. 3012 states: "When an executor or administrator declines to appeal from the decision of the commissioners, a person interested in the estate as creditor, devisee, legatee, or heir may appeal from such decision as the executor or administrator might have done and the same proceedings shall be had in the name of the executor or administrator; but the person so appealing shall, before the appeal is allowed, give a bond to secure the estate from damages and costs and to secure the intervening damages and costs to the adverse party."

The administrator contends that since it appears that no specific request or demand was ever made that the administrator take an appeal in this case, it must be concluded that he did not decline to so do and until he did so decline the appellant had no right of appeal under the statute hereinbefore quoted. The appellant contends that the failure of the administrator to take an appeal within the time allowed by P. L. 3006 was a declining to do so within the meaning of P. L. 3012. It appears from the provisions of P. L. 3012 that if an interested party as therein described wishes to take an appeal, he is given the same time to do so as is given to an executor or administrator. Therefore if the contention of the administrator is correct, then he has it within his power to nullify the statute, because when demanded or requested to take an appeal he may say that he has not decided what he will do and may not specifically decline to appeal until the time for appeal has expired and then it is too late for the interested party to appeal.

In determining the question before us it will be helpful to have in mind the following rules relating to construction of statutes.

It is a rule of construction that a statute is to be construed with reference to its manifest object, and if the language is sus-

ceptible of two constructions, one of which will carry out and the other defeat such manifest object, it should receive the former construction. *Whiting Co., et al* v. *City of Burlington,* 106 Vt 446, 463, 175 A 35, and cases cited.

A construction that leads to absurd consequences must always be avoided if possible. *State Highway Board* v. *Gates,* 110 Vt 67, 72, 1 A2d 825, and cases cited.

A presumption obtains against a construction that would render a statute ineffective or inefficient, or which would cause grave public injury or even inconvenience. *State Highway Board* v. *Gates,* 110 Vt at 72, 1 A2d 825, and cases cited.

Every statute is understood to contain by implication, if it does not by express terms, all such provisions as are necessary to effectuate its object and purpose and to make effective the rights, powers, privileges and jurisdiction that it grants; and what is implied in a statute is as much a part of it as what is expressed. *State Highway Board* v. *Gates,* 110 Vt at 72, 73, 1 A2d 825, and cases cited.

The intention of the legislature constitutes the law. *State Highway Board* v. *Gates,* 110 Vt at 73, 1 A2d 825, and cases cited.

The word "decline" may be used in the sense of a rejection of what is offered. Webster's New International Dictionary.

When the probate court accepted the commissioners' report and ordered it to be filed in this case, the law at that time offered to the administrator the privilege of an appeal from such decision. This was a continuing offer kept open for 20 days in accordance with the provisions of P. L. 3006. The administrator's failure to take an appeal in accordance with the offer extended to him by the law amounted to a rejection of the offer and was a declining of it within the meaning and intent of the statute. From the time the law extended to the administrator the privilege of taking an appeal in this case until withdrawn at the end of the twenty day period he continued to fail to take advantage of the offer. That is, his declining of the offer was continuous over the entire period that the offer was open to him. Failure to take an appeal by an administrator within the time allowed by law for so doing is a declining to do so within the meaning of P. L. 3012. *Rutherford* v. *Allen,* 62 Vt 260, 263, 19 A 714.

It follows that the ruling of the court below denying the administrator's motion to dismiss was without error. *Judgment affirmed and cause remanded.*