## State of Vermont v. Thomas J. Harty

[518 A.2d 30]

No. 85-209

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed October 10, 1986

*Helen V. Torino*, Franklin County State's Attorney, St. Albans, for Plaintiff-Appellee.

*Richard A. Gadbois*, Enosburg Falls, for Defendant-Appellant.

**Hayes, J.** Defendant appeals from his conviction and sentencing on three counts of failure to pay wages in violation of 21 V.S.A. §§ 342(a) and 345. We affirm.

Defendant operated a restaurant in Highgate. He took control of the restaurant, an incorporated business, on January 17, 1983, pursuant to a written agreement executed between himself and the previous owner. Under the terms of the agreement, defendant had "sole and complete control" of the corporation and he assumed "complete and total responsibility for all of the affairs of whatsoever nature" of the corporation. Defendant acknowledged to three employees that he was responsible for paying their wages. He told them that the restaurant was not doing well financially, but that he would do what he could to pay their salaries. The record indicates that defendant was the president, sole director, sole officer, and sole stockholder of the corporation.

21 V.S.A. § 342(a) states that "[a]ny person having employees in his service doing and transacting business within the state shall pay each week . . . each of his employees, the wages earned by such employee . . . ." 21 V.S.A. § 345 provides, in part, that "[e]ach employer who violates sections 342 and 343 . . . and the officers of any corporation . . . who fraudulently permit their corporation . . . to violate these sections, shall be fined not more than $500.00 or imprisoned not more than one year or both."

Defendant argues that, absent a showing of fraud, the court erred in finding him guilty of violating 21 V.S.A. §§ 342(a) and 345. Specifically, defendant argues that the word "employer," as

used in § 345, must be narrowly construed and can never include a person who is also a corporate officer. Given that he is the sole officer of his corporation, defendant argues that in order to establish a violation of § 345, the State must prove that he operated in a fraudulent manner with respect to employee wages. Defendant argues that the judgment should be reversed because he acted as a corporate officer in a nonfraudulent manner. We disagree.

■ Our primary objective in interpreting statutes is to give effect to legislative intent. *Cavanaugh* v. *Abbott Laboratories,* 145 Vt. 516, 529, 496 A.2d 154, 162 (1985). We presume that the plain, ordinary meaning of statutory language is intended. *State* v. *Larose,* 144 Vt. 492, 493-94, 479 A.2d 162, 163-64 (1984). Before relying on the plain meaning rule, however, we must read together statutes in pari materia, that is, dealing with the same general subject matter, and construe them as parts of a unified statutory system. *Rutz* v. *Essex Junction Prudential Committee,* 142 Vt. 400, 405, 457 A.2d 1368, 1370 (1983) (citation omitted).

21 V.S.A. § 345a stands in pari materia to § 345, and concerns the failure of an employer to provide benefits to employees with written contracts. Section 345a(2) states, in part: "[w]here the employer is a corporation, the president and other officers who have control of funds of the corporation *shall be considered employers* for the purposes of this section." (Emphasis added.)

■ Our examination of the statutes in question leads us to conclude that the legislature intended to include sole corporate owner-operators within the definition of "employer" as used in § 345. The requirement of fraud applies only to those individuals charged in their capacity as corporate officers who have no authority to control the funds of the corporation.

■ In the instant case, defendant was charged as the actual employer because of his unique status as sole owner, sole director, sole shareholder and sole officer of the corporation. Defendant enjoyed "sole and complete control" and "complete and total responsibility" for all corporate affairs. Defendant retained full and total control over the allocation of corporate funds. He acknowledged his responsibility to pay wages to the three employees in question. In these circumstances, defendant was properly charged as an "employer." The trial court correctly applied a standard of strict liability to defendant, and his convictions are supported by

the evidence.

*Affirmed.*