## State of Vermont v. David H. Potier

[547 A.2d 1359]

No. 85-450

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed May 6, 1988

*Kurt M. Hughes, Chittenden County Deputy State's Attorney,* Burlington, for Plaintiff-Appellee.

*Walter M. Morris, Jr., Defender General,* and *William A. Nelson, Appellate Defender,* Montpelier, for Defendant-Appellant.

**Mahady, J.** Defendant appeals from a judgment of the Chittenden District Court, convicting him of driving while his license to operate a motor vehicle was under suspension resulting from a conviction of driving while under the influence of intoxicating liquor and sentencing him to a $100.00 fine and a mandatory two-day prison sentence pursuant to 23 V.S.A. § 674(c). The issue presented is whether defendant should have been prosecuted under 23 V.S.A. § 674(c) or under 23 V.S.A. § 674(a), for operating a motor vehicle when his license had been suspended and not reinstated. We hold that the mandatory minimum sentencing provisions of 23 V.S.A. § 674(c) do not apply and vacate the sentence imposed.

On April 23, 1984, defendant was convicted of driving while under the influence of intoxicating liquor, in violation of 23 V.S.A. § 1201. Pursuant to 23 V.S.A. § 1206, defendant's right to operate a motor vehicle was suspended for a period of one year. The suspension became effective on May 5, 1984. On May 18, 1985, defendant operated a motor vehicle on a public highway; this fact resulted in this prosecution for operating a motor vehicle on a highway while his license to operate a motor vehicle was suspended, in violation of 23 V.S.A. § 674.

At the time of the offense, the definite term of the license suspension had expired. Defendant, however, had not paid the required reinstatement fee, and his license had not been reinstated. Defendant contends that he should have been prosecuted under 23 V.S.A. § 674(a), not under 23 V.S.A. § 674(c).

The latter statute imposes a mandatory term of imprisonment; the former does not. Section 674(a) provides:

> A person whose license . . . has been . . . suspended . . .
> shall not operate . . . a motor vehicle . . . until the right of

such person to operate motor vehicles has been reinstated . . . .

Section 674(c), as then in effect, provided the enhanced, mandatory punishment if the offense was "based on a suspension . . . of [defendant's] license" resulting from a conviction for driving while under the influence of intoxicating liquor.

The trial court held that 23 V.S.A. § 674(c) applied to the facts of this case and imposed the mandatory term of imprisonment. Defendant appealed.

Penal statutes must "be interpreted favorably to the accused." *In re Hough*, 143 Vt. 15, 19, 458 A.2d 1134, 1136 (1983). Therefore, where "there is an ambiguity which admits of two reasonable and contradictory constructions, that one which operates in favor of the person accused . . . is to be preferred." *State* v. *Baldwin*, 109 Vt. 143, 148, 194 A. 372, 374 (1937).

Clearly, defendant violated 23 V.S.A. § 674(a). His "license . . . ha[d] been . . . suspended," and he did "operate a motor vehicle [prior to the time his] right . . . to operate motor vehicles ha[d] been reinstated." Indeed, defendant admits as much.

To be sentenced under 23 V.S.A. § 674(c), however, the violation must be "based on a suspension . . . of defendant's license" resulting from his conviction for driving while under the influence of intoxicating liquor. The suspension which resulted from that offense was for a definite term of one year. That period had expired. As of the date of the instant offense, the absence of defendant's right to operate was based on his failure to have been reinstated, not the previous conviction.

Section 674 must be read as a whole, *State* v. *Trucott*, 145 Vt. 274, 282, 487 A.2d 149, 154 (1984), and when so read, it is apparent that § 674(c) would apply during the definite term of the suspension, but that § 674(a) would apply after the definite term had expired but prior to defendant's reinstatement. Such an interpretation also gives effect to the plain meaning of the statute. *State* v. *Harty*, 147 Vt. 400, 402, 518 A.2d 30, 31 (1986).

*Sentence vacated. Case remanded for resentencing.*